UNITED STATES DISTRICT COURT!!
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

Wen June 24, 2020

Johnny L. Walker
    Defendant,

Case No: 09-20536-13
Hon. Thomas L. Ludington

Vs.

United States of America
    Plantiff,

Pro-se motion For Modification of an Imposed term of Imprisonment under 18 U.S.C. 3582 (c)(A)(1)(i).

Defendant brings this Pro-se motion to this Honorable Court to modify his Sentence per 18 U.S.C 3582 (c)(A)(1)(i).

The Court upon motion of the Director of the Bureau of Prisons, <u>or</u> upon motion of the defendant after the defendant has Fully exhausted all administrative rights to Appeal a Failure of the Bureau of Prisons to bring a motion on the defendants behalf <u>or</u> the lapse of 30 days from the receipt of such a request by the

①                                    1 of 8

warden, of the defendants facility, whichever is earlier, may reduce the term of imprisonment.

It states that, if the Court finds extraordinary and compelling reasons warrent such a reduction. In the mist of the COVID-19 Pandamic, Federal Courts around the Country have found that COVID-19 reaches such "extraordinary and Compelling reasons warrent such a reduction. United STATES V Zukerman, 2020 US Dist Lexis 59588, 2020 WL 1659880; citing Perez 2020 US Dist Lexis 57265 2020 WL 1540422, at *4. United states V Colvin, 2020 US Dist Lexis 5878 2020 WL 1627331, miller V united states 2020 US Dist Lexis 62421, 2020 WL 1814084 (ED: MICH April 9, 2020).

Defendant is 36yrs of age and suffers from the follow:
Defendant suffers from obstructive sleep apnea, to which defendant NEEDS A sleeping Machine. Defendant has been at FCI/FDC milan since April 17, 2020, and has requested an

② 2 of 8

extion Cord for his sleep apnea Machine, For the Cells "DO NOT" have any power outlets. Defendant has yet to receive a power Cord. Along with defendants other Medical Conditions, this places him at a (HIGH RISK) category of Contracting COVID-19. See Centers For Disease Control, Groups at Higher risk For Severe Illness (April 2, 2020)(NOTING that people of ALL ages with underlying Medical Conditions are at higher risk For severe illness, particulary if the underlying Medical Conditions are NOT well Controled.)

Defendant is Currently held at FCI/FDC Milan, as of June 19th 2020, FCI/FDC milan had a recorded 17 inmates and 2 staff with Positive test results, and a recorded 3 DEATHS. There was a recorded 78 inmates that has recovered, and 56 staff, that has recovered. This is a total of 156 people that has Contracted the COVID-19 Virus.

As of June 24, 2020 FDC milan has yet to Conduct COVID-19 testing of its inmates population. It has been proven by

(3)

3 of 8

the (CDC) that an asymptomatic person (Inmate/staff) can have the virus without symptoms and still spread it person to person.

Defendant has set forth extraordinary and compelling reasons to modify his sentence because of the great risk that COVID-19 poses to a person with his underlying health conditions.

On June 23, 2020, defendant sent a Email to the warden of his facility to enquire if the BOP has filed a 18 U.S.C 3582(c)(A)(1)(i) on his behalf, and if NOT this was his formal appeal, for them to do so. Since they had NOT already done so. See (EXIBIT A) under the plain language of the statute, defendant can file his motion to the Court, after appealing the failure of the BOP to bring a motion forth on his behalf. (EXIBIT A) shows defendant formaly appeal to the B.O.P. for NOT bringing a motion forth on his behalf.

In recent Sixth Circuit ruling in U.S. V Alam, F3d 2020 WL 2845694, The Court

(4)

4 of 8

Said that a petitioner MUST exhaust his administrative remedies "IF" the Government raises it. IF the exhaust of remedies was mandatory then the Court would have Pointed it out that it was mandatory, regardless "IF" the Government raises the issue or not.

A petitioner seeking Compassionate release is generally required to exhaust his -or- her administrative remedies prior to bringing a motion before the district Court.

In the case of the government raising the issue that defendant DIDN'T exhaust his remedies, (but defendant say's Exibit A, is all that is required by statute,) the exhaustion requirement may in fact be waived. Under the following Circumstances: 1) the relief sought would be Futile upon exhaustion, 2) exhaustion via the agency review process would result in inadequate relief; or 3) pursuit of agency review wold subject the Petitioner to under PREJudice United States v Zukerman 2020 US Dist Lexis 59588 2020 WL 1659880, at *3 (S.D.N.Y April 3, 2020).

Citing Washington v. Barr, 925 F.3d 109, 118 (2d Cir 2019). The COVID-19 pandemic, which could result in catastrophic health consequences for petitioners vulnerable to infection, implicates all three exhaustion requirements. Miller v. United States 2020 US Dist Lexis 62421 2020 WL 1814084 at *2 (E.D. Mich April 9, 2020). In Alam, the Sixth Circuit NOTED the "GOOD REASON" for exhaustion: to implement an (orderly) system for reviewing compassionate release applications. This exhaustion requirement can be either 1) jurisdictional, meaning the rule governs a court adjudicatory capacity, that is its subject-matter or personal jurisdiction (OR) 2) a claims processing rule, which are rules requiring that a party take certain procedural steps at certain specified times. United States v. Kelly (5th Cir 2020).

When looking at the text of 18 USC 3582 the language does not clearly state that the exhaustion requirement was jurisdictional. The provision does not speak in jurisdiction terms or refer in any way to the jurisdiction of the district courts because the language of 3582(c)(1)(A) do NOT provide a clear indication that Congress intended

the provision to be Jurisdictional the Court can determin that 3582 (c)(1)(A)'s exhaustion requirement was non-jurisdictional in regards to Keep an "ORDERLY" system for reviewing Compassionat release applications.

As of June 15, 2020, defendant became aware of FDC milan Quarentiening (NEW ARRIVALES) in the same unit as defendant. The Quarentined individuals are using the same "Telephones, showers, and Computers as the (GP) inmates in the Detention Center. If defendant Contracts COVID-19, irreparable harm can happen to defendant. And this Honorable Court has Jurisdiction to grant a Compassionate Release and waive the exhaustive remedies the gouerment might claim. Bower V City of New York, 476 U.S 467: 483 106 s·ct 2022 90 Led 2d 462 (1986). (Holding that irreparable injury Justifying the waiver of exhaustion requirements named in the statute exists where the ordeal of having to go through the administrative process may trigger a severe medical setback).

Defendant is not serving a sentence for a crime of violence or violent felony per 3559 (c)(2)(7)(ii).

Defendant has Family Support to Return to upon release.

Defendant ask this Honorable Court to grant his 18 USC 3582 (c)(A)(1)(i) and appoint Counsel if further proceedings or arguments are required.

Pursuant to the Provisions of 28 USC 1746 I Johnny Lugene Walker, declare under penalty of Perjury that the foregoing information is TRUE & CORRECT and NOT misleading to the best of my information and belief.


Signature
Wen June 24, 2020

*(EXIBIT A)*

TRULINCS 42444039 - WALKER, JOHNNY - Unit: MIL-D-B

---

FROM: Warden
TO: 42444039
SUBJECT: RE:***Inmate to Staff Message***
DATE: 06/24/2020 09:12:04 AM

Your request has been sent to the RIS Coordinator. Thank you.

>>> ~^!"WALKER, ~^!JOHNNY" <42444039@inmatemessage.com> 6/23/2020 10:45 AM >>>
To: Mr. J Hemingway
Inmate Work Assignment: na

I am sending this electronic Email in regaurds to see if you have already filed a motion on my behalf for a compassionate release under 3582 (c) (1) (a) (i) acording to the (CDC) I meet the HIGH RISK category for people with medical condition. I suffer from: (Ankylosing Spondylitis, "Chronic Asthma", and Sleep Apenia) Im pose to use a breathing Machine every night but have been DENIED 24hr power since Ive been in your prison. If you have not filed a motion on my behalf, this is my formal appeal for your failure to do so and ask that you file a motionon my behalf.

Thank you for your time on this issue at hand

Certificate of Service.

The undersigned certifies that the foregoing documents was placed in the Institutional Mail Box on Friday June 26, 2020. @ 1345 Hrs

*[Signature]*
Signature
Friday June 26, 2020
1345 Hrs

①            1 of 1

Johnny L Walker
42441-039
NAME
REG. NO.

FEDERAL DETENTION CENTER
P.O. BOX 1000
MILAN, MICHIGAN 48160

RECEIVED
JUL 10 2020
CLERK'S OFFICE
DETROIT

United States District Court
c/o Clerk of Court
231 W. LaFayette Blvd
Detroit, MI 48226


