UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 09-20536-13

v.                                              Honorable Thomas L. Ludington

JOHNNY WALKER,

        Defendant.
_____/

**ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE**

On August 5, 2010, Defendant was indicted by a grand jury for one count of conspiracy to distribute cocaine; one count conspiracy to distribute heroin; and forfeiture allegations. ECF No. 182. On March 24, 2011, he pled guilty to conspiracy to distribute cocaine. ECF Nos. 344; 345; 374. He was sentenced on July 14, 2011 to 90 months incarceration and 4 years of supervised release. ECF No. 413. On October 24, 2019, he was sentenced for violating his supervised release conditions to 12 months incarceration, consecutive to a sentence he was currently serving with the Michigan Department of Corrections. ECF No. 889.

Defendant has filed three pro se motions for compassionate release. The first motion was postmarked on May 1, 2020, but due to mail delays caused by COVID-19, was docketed on July 7, 2020. ECF No. 894. On May 15, 2020, Defendant mailed a second motion for compassionate release, but due to mail delays due to COVID-19, it was not docketed until June 2, 2020. ECF No. 891. The May 1 and May 15 motions were denied without prejudice because Defendant failed to exhaust his administrative remedies. ECF Nos. 893, 895.

The third motion was postmarked on July 1, 2020, but due to mail delays caused by COVID-19, was docketed on July 14, 2020. ECF No. 896.

**I.**

The United States is facing an unprecedented challenge with the coronavirus pandemic. The Governor of Michigan explained that:

> The novel coronavirus (COVID-19) is a respiratory disease that can result in serious illness or death. It is caused by a new strain of coronavirus not previously identified in humans and easily spread from person to person. Older adults and those with chronic health conditions are at particular risk, and there is an increased risk of rapid spread of COVID-19 among persons in close proximity to one another. There is currently no approved vaccine or antiviral treatment for this disease.

Emergency Order 2020-21.

The Center for Disease Control and Prevention ("CDC") represents that jails and prisons pose an especially high risk for those who are within their walls. *See Interim Guidance on Mgmt. of Coronavirus Disease 2019 (COVID-19) in Correctional and Detention Facilities*, Ctr. for Disease Control, at 2 (Mar. 23, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/downloads/guidance-correctional-detention.pdf.[1] It further explains that "[t]here are many opportunities for COVID-19 to be introduced into a correctional or detention facility, including daily staff ingress and egress; transfer of incarcerated/detained persons between facilities and systems, to court appearances, and to outside medical visits; and visits from family, legal representatives, and other community members." CDC, *Guidance for Correctional & Detention Facilities*, https://www.cdc.gov/coronavirus/2019-ncov/community/correction-detention/ guidance-correctional-detention.html (last visited June 12, 2020).

---

[1] Ltr. from Sen. Richard J. Durbin et al. to Att'y Gen. William P. Barr et al., at 1(Mar. 23, 2020), available at https://www.durbin.senate.gov/imo/media/doc/Letter.%20to%20DOJ%20and%20BOP%20on%20COVID-19%20and%20FSA%20provisions%20-%20final%20bipartisan%20text%20with%20signature%20blocks.pdf ("Conditions of confinement do not afford individuals the opportunity to take proactive steps to protect themselves, and prisons often create the ideal environment for the transmission of contagious disease.").

## II.

Defendant seeks a reduction of his sentence pursuant to 18 U.S.C. §3582(c)(1)(A) which provides:

> The court may not modify a term of imprisonment once it has been imposed except…upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment… if it finds that…extraordinary and compelling reasons warrant such a reduction…

18 U.S.C. §3582(c)(1)(A)(i)

As explained in the statute, before a court may consider an inmate's request for a reduced sentence under 18 U.S.C. § 3582, the inmate must first exhaust their administrative remedies with the Bureau of Prisons or wait 30 days after making such a request. The Sixth Circuit has explained that:

> By creating a compassionate-release option in the First Step Act, Congress gave inmates an option to seek early release on health grounds. The seriousness of COVID-19 and its spread in many prisons make it all the more imperative that the prisons have authority to process these applications fairly and with due regard for the seriousness of each inmate's risk. Free-floating exceptions to the rule, available to anyone willing to go to federal court first, will not help that cause.

*United States v. Alam*, 2020 WL 2845694, at *4 (6th Cir. June 2, 2020).

In his motion for compassionate release, Defendant explains that he requested compassionate relief through the Bureau of Prisons on June 23, 2020. ECF No. 896 at PageID.3719. The federal statute provides that a defendant may seek relief from the court if BOP does not respond to the request for compassionate release. However, Defendant must wait 30 days after submitting the request before seeking relief from the courts. In this case, Defendant contacted

BOP on June 23, 2020. He submitted his motion for compassionate release on July 1, 2020. Defendant did not wait the requisite 30 days before petitioning this Court. Defendant's motion for compassionate release will be denied without prejudice due to his failure to wait for 30 days after seeking relief from BOP.

Accordingly, it is **ORDERED** that Defendant's motion for compassionate release, ECF No. 896, is **DENIED WITHOUT PREJUDICE**.

Dated: July 22, 2020                           s/Thomas L. Ludington
                                               THOMAS L. LUDINGTON
                                               United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means and to **Johnny Walker** #42444-039, MILAN FEDERAL CORRECTIONAL INSTITUTION, Inmate Mail/Parcels, P.O. BOX 1000, MILAN, MI 48160 by first class U.S. mail on July 22, 2020.

                           s/Kelly Winslow
                           KELLY WINSLOW, Case Manager